```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

SHELTON F. HALL                                         PLAINTIFF

VS.                               CIVIL ACTION NO. 3:10CV512TSL-FKB

GEORGIA GULF CHEMICALS & VINYLS, LLC                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Georgia Gulf Chemicals & Vinyls, LLC to dismiss amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Shelton F. Hall has responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that defendant's motion is well taken and should be granted.

In his amended complaint in this cause, plaintiff Shelton Hall purports to assert a cause of action for wrongful termination against defendant based on his allegation that he was terminated because he reported to his employer that he had been assaulted by a co-worker. Specifically, Hall alleges that he was "terminated for complaining of being assaulted." In its motion to dismiss, defendant submits that since Hall was an at-will employee, and since his allegations do not fit within the only recognized exceptions to Mississippi's at-will employment doctrine, then plaintiff's complaint is deficient on its face and due to be dismissed.

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. See Wright & Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1356 (2004).  With the limited exception of those cases described in Rule 9, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). <u>See Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  However, as the Supreme Court has recently made clear, while Rule 8 is not exacting, it does "require[] a 'showing,' rather than a blanket assertion, of entitlement to relief," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 n.3, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), so that to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" <u>Ashcroft v. Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (quoting <u>Twombly</u>, 550 U.S. at 561-62, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  A complaint "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 559, 127 S. Ct. 1955.

In Mississippi, there is a presumption of at-will employment that can be terminated. See Relliford v. Holly Springs, MS, No. 1:93CV113-B-A, 1995 WL 1945432, at 4 (N.D. Miss. Aug. 21, 1995). However, in McArn v. Allied Bruce-Terminix Co., Inc., 626 So. 2d 603, 607 (Miss. 1993), the Mississippi Supreme Court established a common-law tort of retaliatory discharge as an exception to the at-will employment doctrine, holding that "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." McArn, 626 So. 2d at 607. The McArn exception clearly applies where the reported illegal acts are that of the corporate employer. Termination in retaliation for reporting a co-worker's illegal conduct can also be a sufficient basis for a wrongful termination claim, as long as it relates to the employer's business. See DeCarlo v. Bonus Stores, Inc., 989 So. 2d 351, 357 (Miss. 2008) (recognizing that "[d]ischarge in retaliation for an employee's good faith effort to protect the employer from wrongdoing constitutes an independent tort and may support punitive damages") (quoting Willard v. Paracelsus Health Care Corp., 681 So. 2d 539, 543 (Miss. 1996) ).

3

Plaintiff argues that the assault by his co-worker can be considered an act of Georgia Gulf, i.e., an illegal corporate act, on the basis of respondeat superior.  However, plaintiff has pled no facts in the complaint that could plausibly suggest a basis for a finding that Georgia Gulf is vicariously criminally liable for its employee's assault on plaintiff.  Under Mississippi law, an employer cannot be held vicariously liable for its employee's actions unless it authorized or ratified his conduct, or if the actions were taken in the course and scope of the employee's employment.  See <u>Little v. K & B Mississippi Corp.</u>, Civil Action No. 3:06-cv-501-WHB-LRA, 2007 WL 2417353, 7 (S.D. Miss. Aug. 27, 2007).  The only factual allegations in the complaint are that a co-worker assaulted plaintiff, that plaintiff reported the assault, and that he was terminated in retaliation for reporting the assault.  There is no allegation that Georgia Gulf authorized the assault or any facts alleged to support an inference that it ratified the assault or that the assault occurred in the course and scope of employment.[1]

Plaintiff argues, alternatively, that the co-worker's criminal assault related to Georgia Gulf's business, reasoning that an assault

---

[1]   The court notes that in his response to the motion, plaintiff does not suggest that any such facts exist which could be pled.

> affects the employer's potential workers compensation
> coverage, health insurance premiums, and potentially
> other liability insurance premiums as a physical assault
> on the employer's premises opens up the employer to
> liability for claims and higher insurance premiums.  The
> co-worker was clearly "on duty" when he assaulted the
> Plaintiff, and would be considered acting in the scope
> of his employment for this time.

Mississippi law plainly does not support such an expansive view of the concept of "related to the employer's business" for purposes of applying the McArn exception.

For the foregoing reasons, it is ordered that defendant's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 21st day of December 2010.


    /s/ Tom S. Lee
    UNITED STATES DISTRICT JUDGE